UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

| | | |
|---|---|---|
| **DONALD LEMPAR,** | § | |
| | § | |
| Petitioner, | § | |
| | § | |
| v. | § | Civil No. SA-20-CA-0443-FB |
| | § | |
| **LORIE DAVIS, Director,** | § | |
| **Texas Department of Criminal Justice,** | § | |
| **Correctional Institutions Division,** | § | |
| | § | |
| Respondent. | § | |

## ORDER OF DISMISSAL

Before the Court are petitioner Donald Lempar's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1) and supplemental Memorandum in Support (ECF No. 2), respondent Lorie Davis's Motion to Dismiss (ECF No. 10), and petitioner's Reply (ECF No. 13) thereto.  Having reviewed the record and pleadings submitted by both parties, the Court concludes that petitioner's federal habeas corpus petition should be dismissed without prejudice for lack of jurisdiction.  Petitioner is also denied a certificate of appealability.

## Analysis

In June 2004, petitioner was convicted by a Bexar County jury of two counts of aggravated sexual assault of a child and two counts of indecency with a child by sexual contact.  The jury sentenced petitioner to fifteen years of imprisonment for the first two counts and five years of imprisonment for the second two counts, with the four sentences to run concurrently.  *State v. Lempar*, No. 2003-CR-5620 (175th Dist. Ct., Bexar Cnty., Tex. June 18, 2004) (ECF No. 11-5 at 1-8).  On April 7, 2020, petitioner filed the instant petition for federal habeas corpus relief challenging the constitutionality of these state court convictions. (ECF No. 1).  Because petitioner

has already fully discharged these sentences, however, he is no longer "in custody" pursuant to these convictions.  Thus, this Court lacks jurisdiction under § 2254 to entertain his challenge.  *Maleng v. Cook*, 490 U.S. 485, 492 (1989) ("While we have very liberally construed the 'in custody' requirement for purposes of federal habeas, we have never extended it to the situation where a habeas petitioner suffers no present restraint from a conviction.").

While petitioner maintains that he is still "in custody" because he is still subject to the sex offender registration requirements of his conviction, that argument has been repeatedly rejected by the Fifth Circuit Court of Appeals.  *See Johnson v. Davis*, 697 F. App'x 274, 275 (5th Cir. 2017) (unpublished) (finding the requirement to register as a sex offender as a result of conviction does not mean that a petitioner is "in custody" within the meaning of § 2254); *Sullivan v. Stephens*, 582 F. App'x 375, 375 (5th Cir. 2014) (unpublished) (same).  Petitioner has cited no relevant authority to the contrary.  As such, petitioner's federal petition will be dismissed without prejudice for lack of jurisdiction.

## Conclusion

Rule 4 Governing Habeas Corpus Proceedings states a habeas corpus petition may be summarily dismissed "[i]f it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court."  Because petitioner has not satisfied the preconditions for review set forth by § 2254, dismissal of his petition is warranted.

Accordingly, **IT IS HEREBY ORDERED** that:

1. Respondent Lorie Davis's Motion to Dismiss, filed June 8, 2020 (ECF No. 10), is **GRANTED**;

2.	Petitioner Donald Lempar's Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (ECF No. 1) is **DISMISSED WITHOUT PREJUDICE** for lack of jurisdiction;

3.	Petitioner failed to make "a substantial showing of the denial of a federal right" and cannot make a substantial showing that this Court's procedural rulings are incorrect as required by FED. R. APP. P. 22 for a certificate of appealability. *See Slack v. McDaniel*, 529 U.S. 473, 483-84 (2000). Therefore, this Court **DENIES** petitioner a certificate of appealability. *See* Rule 11(a) of the Rules Governing § 2254 Proceedings; and

4.	All remaining motions, if any, are **DENIED**, and this case is now **CLOSED**.

It is so ORDERED.

SIGNED this 14th day of July, 2020.

_____
FRED BIERY
UNITED STATES DISTRICT JUDGE