# United States Court of Appeals
## for the Fifth Circuit

FILED
JUN - 8 2021
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY CLERK

No. 20-50664

United States Court of Appeals
Fifth Circuit
**FILED**
June 8, 2021
Lyle W. Cayce
Clerk

DONALD LEMPAR,

*Petitioner—Appellant,*

versus

BOBBY LUMPKIN, *Director, Texas Department of Criminal Justice, Correctional Institutions Division,*

*Respondent—Appellee.*

---

Appeal from the United States District Court
for the Western District of Texas
USDC No. 5:20-CV-443-FB

---

ORDER:

Donald Lempar moves for a certificate of appealability (COA) from the denial of his 28 U.S.C. § 2254 petition. Lempar was convicted of two counts of aggravated sexual assault of a child and two counts of indecency with a child by contact. The district court dismissed Lempar's petition, concluding that because Lempar has served his sentence and has since been released, he could not satisfy § 2254's requirement that he be "in custody pursuant to the judgment of a State court." Lempar argues that he satisfies § 2254's custody requirement because he is required to register as a sex offender in Texas.

No. 20-50664

To obtain a COA, Lempar must make a "substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). Because the district court denied relief on procedural grounds, Lempar must demonstrate that jurists of reason would find it debatable whether the district court was correct in its procedural ruling *and* whether his motion states a valid claim of the denial of a constitutional right. *See Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003); *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). Lempar has not met this standard.

This court has twice held that a petitioner's "obligation to register as a sex offender does not render him 'in custody' for purposes of a § 2254 challenge." *Sullivan v. Stephens*, 582 F. App'x 375 (5th Cir. 2014); *Johnson v. Davis*, 697 F. App'x 274, 275 (5th Cir. 2017) ("The fact that Johnson is required to register as a sex offender as a result of his 1976 convictions does not mean that he is 'in custody' within the meaning of § 2254."). And until 2019, every circuit to consider this issue reached the same conclusion. *See Hautzenroeder v. Dewine*, 887 F.3d 737, 741 (6th Cir. 2018); *Calhoun v. Att'y Gen. of Colorado*, 745 F.3d 1070, 1074 (10th Cir. 2014); *Wilson v. Flaherty*, 689 F.3d 332, 336–37 (4th Cir. 2012); *Virsnieks v. Smith*, 521 F.3d 707, 718 (7th Cir. 2008); *Williamson v. Gregoire*, 151 F.3d 1180, 1183 (9th Cir. 1998). Notably, the Fourth Circuit held that the fact the petitioner was subject to Texas's sex offender registration regime—the same one that Lempar is subject to—did not render him "in custody." *Wilson*, 689 F.3d at 336–39.

Lempar argues that a recent Third Circuit decision holding that Pennsylvania's sex offender registration regime satisfied § 2254's custody requirement means jurists of reason would find the district court's procedural ruling debatable. *See Piasecki v. Ct. of Common Pleas, Bucks Cnty.*, 917 F.3d 161, 163 (3rd Cir. 2019). Not so.

No. 20-50664

That's for two reasons. First, to satisfy § 2254's custody requirement, a petitioner must be "in custody *pursuant to the judgment of a State court.*" 28 U.S.C. § 2254(a) (emphasis added). Just because a petitioner is subject to the collateral consequences of a conviction does not mean the petitioner meets § 2254's custody requirement. *See Maleng v. Cook*, 490 U.S. 488, 492 (1989). In concluding that Pennsylvania's sex offender registration regime was imposed as part of the judgment, the Third Circuit relied on court documents listing sex offender registration as part of the sentence. *Piasecki*, 917 F.3d at 173. The sentencing documents in this case, however, list only Lempar's term of imprisonment; sex offender registration was mentioned for the first time when Lempar filled out a pre-release worksheet.

Second, the Third Circuit concluded that sex offender registration was imposed pursuant to the judgment of a state court based on Pennsylvania state court cases construing Pennsylvania's sex offender registration regime as punitive instead of remedial. *Id.* at 173–74 (citing *Commonwealth v. Muniz*, 164 A.3d 1189, 1193 (Pa. 2017)). Both this court and Texas courts have reached the opposite conclusion, holding that Texas's sex offender registration laws are remedial and not punitive. *See Does 1-7 v. Abbott*, 945 F.3d 307, 314 (5th Cir. 2019) (holding that "[t]here is no question that [Texas's sex offender registration regime] was not intended to be punitive" and that its requirements "do not rise to the level of harshness to constitute punishment."); *McCraw v. C.I.*, 525 S.W.3d 701, 707–08 (Tex. App.—Beaumont 2017, pet. denied) ("[T]he Texas Court of Criminal Appeals has expressly found that Texas's sex offender registration laws are 'civil and remedial, and not criminal or punitive.'") (quoting *Rodriguez v. State*, 93 S.W.3d 60, 68, 77–79 (Tex. Crim. App. 2002)).

No. 20-50664

\* \* \*

Jurists of reason would not debate whether Lempar is "in custody pursuant to the judgment of a State court." 28 U.S.C. § 2254(a). Accordingly, Lempar's request for a COA is denied.

_____
JAMES C. HO
*United States Circuit Judge*